Lynch, J.
(dissenting). We respectfully dissent. The Workers’ Compensation Board credited the medical testimony of claimant’s treating physician assigning a severity rating J to claimant’s lumbar injury, the highest possible rating under the 2012 New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity. The Board further determined that “claimant was capable of less than sedentary work,” defined in the Board’s “Doctor’s Report of MMI/Permanent Impairment” form C-4.3 as “unable to meet the requirements of [s]edentary [w]ork.” Sedentary work is, in turn, defined as work that “involves sitting most of the time, but may involve walking or standing for brief periods of time” (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 45 [2012]). To establish a permanent total disability, a claimant must demonstrate that he or she “is totally disabled and unable to engage in any gainful employment” (Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [2009]; see Workers’ Compensation Law § 15 [1]).
Here, the Board explained that “when there is sufficient medical evidence of permanent total disability, the Board does not need to develop the record on issues of. . . functional ability,” citing to Matter of Williams v Preferred Meal Sys. (126 AD3d 1259, 1260 [2015]). Utilizing that standard, the Board concluded that claimant’s medical evidence established only a 75% impairment. In our view, this conclusion is inconsistent with the Board’s own findings and guidelines. To properly gauge whether someone is able “to engage in any gainful *1497 employment,” the guidelines necessitate consideration of the nature of the injury and the resulting impact on a claimant’s actual ability to function. Under the guidelines, the severity rating assigned to an injury “is generally reflective of the expected functional status for each [c]lass relative to other [c]lasses within a [cjhapter” (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 18.1; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 11.2 [2012]). Where, as here, the Board has accepted the medical testimony assigning the most severe rating to claimant’s lumbar injury and determined that she is unable to perform even sedentary work, a finding of a permanent total disability is warranted. To hold otherwise, one must confront the defining question of what gainful employment claimant might possibly be able to perform — the record identifies no such employment and, to be direct, nothing comes to mind. As such, it is our view that the Board erred in failing to find that claimant sustained a permanent total disability.
Garry, J., concurs.
Ordered that the decision is affirmed, without costs.